## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                            Criminal No. 15-00779 WJ

MICHAEL STEWART,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO COMPEL SPECIFIC DISCOVERY

THIS MATTER comes before the Court following a hearing on Defendant's Motion to Compel Specific Discovery, filed June 10, 2015 (**Doc. 30**).  Having considered counsel's briefs and heard oral argument on the matter, the Court finds that the motion should be denied.

### BACKGROUND

Defendant is charged with possession with intent to distribute methamphetamine under 21 U.S.C. §841(a)(1) and(b)(1)(A).   The matters addressed by the Court here are related to the confidential informant ("CI" or "informant") who provided information to the Government concerning Defendant's involvement in methamphetamine trafficking.   In this motion, Defendant seeks an Order compelling the Government to produce all documents pertaining to the informant which support the Government's arguments that there was probable cause or reasonable suspicion to justify the traffic stop of Mr. Stewart on February 18, 2015, namely:

    (1) any CI documentation files, including CI agreements;

    (2) all information related to the United States' assertion that the CI has provided reliable information in the past; and

    (3) all reports of law enforcement contact with the CI.

**DISCUSSION**

Defendant argues that the information he requests refutes the Government's assertion that the informant provided "reliable and accurate information to law enforcement." Defense counsel contends that the CI is a central witness on the question of whether there was probable cause for the stop, and that this material is necessary to fully brief his motion to suppress (*see* Doc. 20), since the Government's probable cause argument is based on the informant's reliability. At the hearing, defense counsel explained that whether the informant has violated past cooperator agreements is material to the informant's reliability.

*No Disclosure Based on Roviaro*

The Government contends that Defendant is not entitled to the requested information and that defense counsel has not advanced any legal basis for disclosure. In *Roviaro v. United States,* 353 U.S. 53 (1957), the Supreme Court announced the standard to be applied in determining whether disclosure of the identity of a confidential informant is required. As the Government notes, *Roviaro* would compel only an informant's identity, and the Court agrees that seeking this information under *Roviaro* would be an unsupported attempt to expand *Roviaro* way beyond its holding. In this case, Defendant has already learned the identity of the informant and concedes that this is not a *Roviaro* issue, although the Government represented that had Defendant not known of the informant's identity, its position would have been to object to its disclosure. The question then becomes whether the Government is required to disclose the requested information as exculpatory material under *Brady v. Maryland,* 373 U.S. 83, 87 (1963) or Government witness impeachment evidence under *Giglio v. United States,* 405 U.S. 150 (1972).

*No Disclosure Based on Brady or Giglio*

The Court has reviewed the pleadings and counsel's arguments on this issue, and is convinced that disclosure of this kind of requested information is not required under either *Brady*

or *Giglio*.  Since the Government states that the CI will not be a witness at trial or at the future

suppression hearing, *Giglio* does not apply, and the Court finds that even if the informant was

produced as a Government witness at trial, *Giglio* would not necessarily require disclosure of all

the material in the three broad categories.[1]  Also, the real issue here is law enforcement conduct

and the information possessed by law enforcement that formed the basis for the stop.  Defendant

already possesses the information necessary to conduct an effective examination on law

enforcement officers in order to challenge the Government's offer of general reliability on the

part of the CI.   Thus, the CI's credibility and reliability can be tested by cross-examination about

the informant's compensation for participation and other cooperator agreements and incidents of

cooperation involving the informant without requiring the Government to turn over what could

be a significant quantity of information that is either unnecessary or irrelevant.  Further, there is

nothing to stop defense counsel from calling the informant as a witness, although as the

Government noted at the hearing, such a decision would not appear to trigger any production

obligation by the Government.   *See, e.g., U.S. v. Joseph,* 533 F.2d 282 (1976) (where defense

counsel conducted cross-examination of both police officers and informants who were called by

defense as adverse witnesses).  Also, because defense counsel's objective is to obtain

information that could impeach a law enforcement witness, the Court finds that the requested

material does not come with the disclosure requirements of *Brady* as exculpatory evidence.

The Government made a significant point at the hearing which bears repetition here.

The only issue here that is relevant to the defense is whether the CI's information *in this case*

*was* credible and reliable, not whether the CI provides accurate information 100% of the time in

all his dealings with law enforcement.  Whether the informant is always a credible person or has

provided reliable information in other cases, is simply not material to whether the CI provided

---

[1]  At the hearing, the Counsel for the United States stated that she would produce any *Giglio* material on any
Government witnesses testifying at the suppression hearing.

accurate and reliable information to law enforcement concerning Defendant's involvement in methamphetamine trafficking.   Moreover, as the Government noted (and the Court expects there will be additional testimony on this subject at the suppression hearing), law enforcement agents did not simply rest on the informant's feedback.  Agents surveilled Defendant and waited until he drove across town to the CI's residence after the drug buy was placed in order to corroborate that information.

Defendant also charges the Government with changing theories for the traffic stop, in that the stop was initially based on reasonable suspicion for a traffic violation in the criminal complaint, and then later, in its response to the motion to suppress, changed course to probable cause based on the CI's information about Defendant's involvement in the drug buy.  The Court finds no basis to defense counsel's accusation that the Government switched theories without warning.  The Government's case against Defendant is supported by two legal theories, one supported by reasonable suspicion because Defendant did not use a turn signal, and the other supported by probable cause based on the information provided by the CI that Defendant ordered a pound of methamphetamine.  The Government has provided Defendant with discovery on both theories.  The Court finds no reason why the Government cannot proceed on both theories if it has a legal and factual basis to do so, or why it should take up defense counsel's suggestion to abandon the probable cause theory because the Government is already asserting the other theory.

There is nothing particularly unusual about this case that merits extending the bounds of *Brady* and *Giglio* beyond their holdings.   Accordingly, the Court finds that Defendant's motion is without merit.  Moreover, the Court also finds that an *in camera* review of the requested material will not be helpful because there is no point to a review of voluminous material that is irrelevant under either *Roviaro, Brady* or *Giglio.*

Finally, the Court soundly reiterates the Government's concern with public safety. Requiring the Government to turn over such broad categories of material to Defendant so that counsel can sift through the stacks in the hope of finding something with which to impeach the informant would set a dangerous precedent, and without any legal basis. First, while in this case Defendant is already aware of the informant's identity, it is not known to others and disclosure of this information could endanger the CI's physical well-being. The Government represented to the Court that the CI received death threats several months ago, and whether these threats continue, it is a sufficient basis for concern over his physical safety. Second, the reliability of the particular information used by law enforcement in this case is what is at stake here, not a finding that the CI's information is always 100% accurate. Third, defense counsel would still be able to attack the reliability of the CI's information by other methods, as described above. Fourth, other investigations that are discussed within the requested material would be at risk for cases where targets have not yet been identified and in cases that may involve other informants.

*Deadline for Reply to Motion to Suppress*

The Court has given Defendant an extension of time for filing a reply to the Government's Response to Defendant's Motion to Suppress until after the Court ruled on the instant motion. *See* Doc. 29. In light of the Court's ruling that the Government is not required to provide any of the requested material sought by Defendant in this motion, Defendant's reply to the Motion to Suppress shall be due **two (2) weeks** from the entry of this Order.

_____
UNITED STATES DISTRICT JUDGE