IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.                                                                                                  15CR779 WJ

MICHAEL STEWART,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPULSORY PROCESS**

THIS MATTER comes before the Court upon Defendant's Motion for Compulsory Process and to Continue the September 11, 2015 hearing on Defendant's pending Motion to Suppress, filed September 8, 2015 **(Doc. 47)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is DENIED.

**BACKGROUND**

Defendant is charged with possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A). Defendant has previously filed a motion to suppress which is pending before the Court **(Doc. 20)**. In that motion, Defendant alleges that the traffic stop which occurred in February 2015 was unlawful in its inception and scope. The Government contends that there was probable cause to conduct the stop based on a controlled drug buy for methamphetamine involving the confidential informant ("CI") and on the simultaneous surveillance by government agents. The Government contends there was also reasonable suspicion for the stop because of Defendant's failure to use his turn signal. The Court recently

granted Defendant's request to continue the hearing on the motion to suppress. *See* Doc. 54 (continuing hearing until December 3, 2015).

In this motion, Defendant seeks an order compelling the Government to produce the CI as a witness at the suppression hearing. Defense Counsel's efforts to locate the CI by hiring a private investigator have been unsuccessful, and his efforts to engage the Government's cooperation to find the CI have met with the same results.

Defendant has previously sought discovery pertaining to the CI, making a broad request for all documents pertaining to the CI including not only material supporting the Government's arguments for legality of the February 2015 traffic stop, but also for all files on the CI and all past law enforcement contacts with the CI. The Court denied this request. Doc. 42. In this motion, Defendant contends that he has a right under the Sixth Amendment's Confrontation Clause and Compulsory Process Clause to examine the CI at the suppression hearing, whether or not the Government intends to use the CI as a witness at trial.

I.  **Confrontation Clause**

The Government claims that the Sixth Amendment does not require production of the CI as a witness for the purpose of the suppression hearing under the Confrontation Clause because this right applies only to trial and *not* to pretrial hearings such as the suppression hearing. The Tenth Circuit has not directly addressed this issue, but the relevant case law supports the Government's position. *See United States v. Garcia*, 324 F. App'x 705, 708–09 (10th Cir. 2009) (unpublished) (noting that, although the Supreme Court and the Tenth Circuit have not expressly addressed this question, "[t]o the extent that we can divine clues from our case law concerning the resolution of this issue, they do not benefit [the defendant]"); *United States v. Campbell*, 743 F.3d 802 (11th Cir. 2014) ("[T]he Supreme Court has never extended the reach of the

Confrontation Clause beyond the confines of a trial."). In *Ebert v. Gaetz*, the habeas petitioner challenged the reliability of an accomplice's confession at a suppression hearing. The Seventh Circuit rejected the petitioner's claim, explaining that the Confrontation Clause was not implicated "because the court considered the statement at a suppression hearing, *not* [defendant's] trial") (emphasis added). 610 F.3d 404 (7th Cir. 2010) (citing *United States v. Harris*, 403 U.S. 573, 584 (1971) (noting that Confrontation Clause precedent was "inapposite to . . . proceedings under the Fourth Amendment").

Seminal cases on the Confrontation Clause, such as *Crawford v. Washington*, 541 U.S. 36 (2004) and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2005) support this result as well. Both *Crawford* and *Melendez-Diaz* address the admissibility of evidence against an accused *at trial*. *Crawford*, 541 U.S. at 38, 53–54 (explaining that an out-of-court testimonial statement "of a witness who did not appear *at trial* [was not admissible] unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination") (emphasis added); *Melendez-Diaz*, 557 U.S. at 309 ("A witness's testimony against a defendant is thus inadmissible unless the witness appears *at trial* or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination.") (emphasis added).

## II.     Compulsory Process / Due Process

Defendant also asserts that the Government should be required to produce the CI as a witness at the suppression hearing pursuant to the "Compulsory Process Clause" of the Sixth Amendment. The Compulsory Process Clause provides that the accused shall have the right "to have compulsory process for obtaining witnesses in his favor. *See Harris v. Thompson*, 698 F.3d 609, 626 (7th Cir. 2012). There is less case law on the Compulsory Process Clause, but this is probably due to the fact that the Compulsory Process Clause is part and parcel of the

Confrontation Clause, which in turn is contained in the Sixth Amendment's listing of procedural rights in "all criminal prosecutions":

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have *compulsory process* for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend. VI (emphasis added) (cited in *State v. Lopez*, 314 P.3d 236 (N.M. 2013)). Additionally, there should be no surprise that the sparse case law relating to the Compulsory Process Clause also supports the conclusion that the clause applies to trial and not to pretrial hearings. *See also Taylor v. Illinois*, 484 U.S. 400, 408 (1988) ("The right to offer the testimony of witnesses, and to compel their attendance . . . is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's *to the jury* so it may decide where the truth lies.").

**III.    Defendant Offers No Case Law to Support His Request for Production of CI at Suppression Hearing**

Defendant cites to two cases, *U.S. v. Pursley*, 577 F.3d 1204, 1223 (10th Cir. 2009) and *Pennsylvania v. Ritchie*, 480 U.S. 39, 43 (1987), but neither provides a legal basis for requiring the Government to produce the CI as a witness at the suppression hearing. Moreover, neither case even remotely suggests that this Court should extend the Confrontation Clause or the Compulsory Process Clause beyond Defendant's rights at trial. In *Pursley*, the defendant claimed that the trial court's admission of out-of-court statements at trial violated his rights under the Confrontation Clause. The Tenth Circuit disagreed, and concluded that there was no

Confrontation Clause violation because the defendant did, in fact, have the opportunity to cross-examine the witness at *trial.*

Defendant then cites to *Pennsylvania v. Ritchie* in his discussion on the Compulsory Process Clause. In that case, Mr. Ritchie faced charges stemming from the alleged sexual abuse of his daughter. 480 U.S. 39, 43 (1987). Ritchie sought records from the Children and Youth Services ("CYS") concerning his daughter, but CYS refused to comply with the subpoena. The United States Supreme Court declined to address Ritchie's request under the Compulsory Process Clause:

> Criminal defendants have the right under the Compulsory Process Clause to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt. However, this Court has never held that the Clause guarantees the right to discover the *identity* of witnesses, or to require the government to produce exculpatory evidence. Instead, claims such as respondent's traditionally have been evaluated under the broader protections of the Due Process Clause of the Fourteenth Amendment.

*Ritchie*, 480 U.S. at 56. The Supreme Court concluded that Ritchie's claims were more properly considered by reference to due process, and remanded the matter to the Pennsylvania Supreme Court to determine whether the file requested by Ritchie contained information that probably would have changed the outcome of Ritchie's trial. Because the Supreme Court never took up an analysis under the Compulsory Process Clause, it is unclear why Defendant would rely on this case to argue that the CI should be produced as a witness under that clause. However, in *Ritchie*, the Supreme Court *did* discuss the Confrontation Clause, and this discussion is relevant to the issue before the Court. In rejecting Ritchie's argument that CYS' refusal to comply with the subpoena violated his rights under the Confrontation Clause, the Supreme Court explained that the Confrontation Clause was not a "constitutionally compelled rule of pretrial discovery" and that "the right to confrontation is a *trial* right, designed to prevent improper restrictions on the

types of questions that defense counsel may ask during cross-examination." *Id.* at 52. Thus, while Defendant relies on *Ritchie,* that case works against Defendant's position, as does the weight of the relevant law:

> The United States Supreme Court consistently has interpreted confrontation as a right that attaches at the criminal trial, and not before. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (plurality opinion) ("[T]he right to confrontation is a *trial* right."); *Barber v. Page*, 390 U.S. 719, 725 (1968) ("The right to confrontation is basically a trial right."); *cf. Crawford v. Washington*, 541 U.S. 36, 68, (2004) (holding that the Confrontation Clause prohibits introduction *at trial* of testimony from a preliminary hearing or other forms of testimonial hearsay unless there had been a prior opportunity to cross-examine the original declarant of the oral or written statements).

*State v. Lopez*, 314 P.3d 236, 239 (N.M. 2013); *see also U.S. v. Miramonted,* 365 F.3d 902, 904 (10th Cir. 2004) (decided after *Crawford,* but without citing it, holding that "hearsay [testimony] is admissible at a hearing on a motion to suppress and should have been considered by the district court"); *U.S. v. Bustamante,* 454 F.3d 1200, 1202 (10th Cir. 2006) (*"Crawford"* concerned the use of testimonial hearsay statements *at trial* and does not speak to whether it is appropriate for a court to rely on hearsay statements at a sentencing hearing.") (emphasis in original).[1] Pretrial hearings and trials have different purposes, which the United States Supreme Court has recognized in forming its interpretation of the Confrontation Clause and the Compulsory Process Clause:

> The [Supreme Court] has based its stance on the differing purposes of pretrial hearings and trials on the merits. *See United States v. Raddatz*, 447 U.S. 667, 679 (1980) (holding that because the interests at stake are of a lesser magnitude, the process due at a pretrial "hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself"); *see also Brinegar v. United States*, 338 U.S. 160, 173 (1949) ("There is a large difference between . . . things to be proved, as well as between the tribunals which determine [criminal guilt as opposed to probable cause], and therefore a like difference in the quanta and modes of proof required to establish them."); *Gerstein v. Pugh*, 420 U.S. 103,

---

[1] The Court refers to *Lopez*, not because it is binding precedent, but because the case lists a collection of United States Supreme Court precedent on the issue and neatly sums up the reasoning behind the rulings in those cases, and because the portion cited from *Lopez* is not inconsistent with relevant Tenth Circuit law.

> 113–14, 120 (1975) (holding that while the Fourth Amendment requires "a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest," the United States Constitution does not require trial formalities for a judicial probable cause determination for issuance of an arrest warrant or a postarrest detention review).

*Lopez*, 314 P.3d at 239.[2]

## IV. Due Process Under Fourteenth Amendment

While Defendant does not seek the production of the CI pursuant to the Fourteenth Amendment, the Court anticipates that Defendant might argue, under *Ritchie*, that Defendant's due process rights are implicated as well. However, this notion can be summarily dismissed. Under due process principles, the Government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment. *See Ritchie*, 480 U.S. 39, 40 (1987). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *See id.* The idea that an adjudication of Defendant's guilt or innocence rides on the production of the CI for the suppression hearing is untenable. Defendant ignores the fact that Government agents corroborated the information provided by the CI. The entire narcotics transaction at issue in this case was monitored on surveillance by the agents as Defendant traveled across town towards the CI's house to make the deal. This corroboration reduces the necessity in relying on the CI's reliability and veracity, because defense counsel can cross-examine the agents themselves; it also renders the CI's testimony, even if the CI were to become available, as cumulative. *See United States v. Sturmoski*, 971 F.2d 452, 457 (10th Cir. 1992) ("[T]here is no need for a declaration of the reliability of an informant when the informant's information is corroborated by other information.").

---

[2] As the Government notes, the Rules of Evidence do not apply to pretrial evidentiary hearings, in which hearsay *is* admissible. *See* FED. R. EVID. 104(a), 1101.

In sum, Defendant has not shown the existence of a constitutional right to require the Government to produce the CI for the suppression hearing. The rights under the Confrontation Clause and Compulsory Process Clause upon which Defendant relies apply to *trials* and not to pretrial hearings such as a hearing on a motion to suppress. The upcoming suppression hearing in this case will address whether the traffic stop and subsequent Terry frisk violated the defendant's Fourth Amendment right to be free from unreasonable searches and seizures, and not whether the Defendant is guilty or innocent. *See United States v. Harris*, 403 U.S. 573, 584 (1971) (noting that Confrontation Clause precedent was "inapposite to . . . proceedings under the Fourth Amendment"); *see also Terry v. Ohio*, 392 U.S. 1, 21 (1968).

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Compulsory Process (**Doc. 47**) is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE