# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                No. 1:15-CR-779 WJ

MICHAEL STEWART,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

THIS MATTER IS BEFORE THE COURT on Defendant Michael Stewart's *pro se* Motion for Release from Custody (**Doc. 80**). The Court, having reviewed the briefing[1] and considered the applicable law, finds that the Motion is not well-taken and, therefore, is **DENIED**.

## BACKGROUND

In 2016, Defendant pleaded guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(A). Defendant was sentenced to 135 months of custody followed by 7 years of supervised release. (Doc. 79.) In his instant Motion, Defendant states that he seeks "compassionate release" to home confinement pursuant to the "Elderly Offender Home Detention Program." (Doc. 80 at 1.) Defendant cites his 60 years of age, his medical diagnoses and general poor health, and COVID-19 as ground for his request. He avers that the United States Bureau of Prisons ("BOP") is denying his request for home confinement using "flimsy reasons and rationale." (*Id.*) Additionally, Defendant seeks court-appointed counsel to assist him with his request. The Government opposes Defendant's Motion.

---

[1] The briefing on this matter consists of Defendant's Motion and the Government's Response. (Docs. 80, 81.) Defendant did not file a Reply, and the time for doing so has lapsed. *See* D.N.M.LR-Crim. 47.8.

## DISCUSSION

As a threshold matter, the Court notes that because Defendant is *pro se*, the Court must give liberal construction to his motion.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Arguably, Defendant seeks release to home confinement or, alternatively, modification of his sentence pursuant to 18 U.S.C. § 3582.  As discussed below, both of these requests must be denied.

First, as to home confinement, this Court has no authority to order BOP to release Defendant.  It is well-settled law that a prisoner has no constitutional right to confinement in a particular place, including confinement at home.  *See  McKune v. Lile*, 536 U.S. 24, 39 (2002).  BOP retains sole discretion to determine where federal prisoners are housed.  *See Moresco v. United States*, No. 92-1108, 1992 WL 372399, at *2  (10th Cir. Dec. 10, 1992) (unpublished); *United States v. Anderson*, 517 F. App'x 772, 775 (11th Cir. 2013).

In this case, although Defendant does not cite any particular statute, by reference to the Elderly Offender Home Detention Program, it appears that he is relying on Section 231(g) of the Second Chance Act (codified at 34 U.S.C. § 60541(g)), which authorizes the Attorney General to release prisoners age 60 and older to home confinement.  While the Attorney General has statutory authority to release prisoners age 60 and older to home confinement, the Court does not.  *See Marshall v. Hudson*, 807 F. App'x 743, 747–48 (10th Cir. 2020) ("Congress has vested the executive branch, not the judicial branch, with the final say on whether to include certain prisoners [in the home confinement program."]).  Even to the extent that Defendant argues for home confinement under another provision, such as 18 U.S.C. § 3624 (Release of a Prisoner) or the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281, the unambiguous language in the statute specifies that BOP—and only BOP—is statutorily authorized to release prisoners to home confinement. *See United States v. Edwards*, No. 17-40093-

01-DDC, 2020 WL 2836991, at *1 (D. Kan. June 1, 2020).  Accordingly, because the Court lacks authority to release prisoners, the Court must deny Defendant's request for release to home confinement whether under 34 U.S.C. § 60541 or 18 U.S.C. § 3624/CARES.

Second, as to Defendant's request for "compassionate release," "[g]enerally, a federal court may not modify a term of imprisonment once imposed."  *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)).  However, Congress has provided an exception to this general rule and allowed for certain "compassionate release" modifications under 18 U.S.C. § 3582(c)(1)(A).  To justify the type compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction."  *Id.*

That said, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies.  *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at * 3 (D. Kan. Apr. 16, 2020), *reconsideration overruled*, No. CR 12-20099-01-KHV, 2020 WL 2037053 (D. Kan. Apr. 28, 2020) (discussing administrative exhaustion as a jurisdictional requirement).  Here, Defendant's failure to exhaust forecloses his request.  Defendant does not allege facts supporting exhaustion, and counsel for the Government represents that, according to BOP, Defendant has never filed a compassionate release request with his facility (*see* Doc. 81 at 3.).  *See* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(a)).  Because Defendant has not shown that he has exhausted his administrative remedies, the Court must deny his request for lack of jurisdiction.  Accordingly, the Court does not reach the merits of Defendant's compassionate release request and makes no determination with respect to his eligibility.

Finally, as to Defendant's request for court-appointed counsel, "no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)." *United States v. Olden*, 296 F. App'x. 671, 674 (10th Cir. 2008).  Defendant has ably, if unsuccessfully, presented his case to the Court.  The appointment of counsel would make not change the outcome, as Defendant has no colorable basis for the relief sought, at least at this time.  As explained above, the Court lacks authority to order home confinement under the Elderly Offender Home Detention Program and lacks jurisdiction to consider Defendant's compassionate release request.  Accordingly, Defendant's request for counsel is denied.

The Court is not unsympathetic to Defendant's health problems, nor is it ignorant of the impacts of the COVID-19 pandemic on the prison population.  However, for all the foregoing reasons, Defendant's Motion for Release (**Doc. 80**) is DENIED.

**IT IS SO ORDERED.**

_____

CHIEF UNITED STATES DISTRICT JUDGE